IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON KEITH CHRISP, | |
| Plaintiff, | 4:25CV3123 |
| vs. | |
| STATE OF NEBRASKA, SAUNDERS COUNTY JAIL U.S., HALL COUNTY JAIL, LANCASTER COUNTY JAIL, and FEDERAL GOVERNMENT, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on a pro se Complaint filed by plaintiff Cameron Keith Chrisp ("Plaintiff") on May 20, 2025. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, also filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, which has been granted, Filing No. 5.

The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2), to determine if summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review, this Court determines summary dismissal is appropriate, and for the reasons set forth below, the Complaint shall be dismissed without prejudice.

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

However, even pro se parties must provide this Court with a basis for jurisdiction otherwise their case must be dismissed. This is so as federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added). A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

As the "'threshold requirement in every federal case is jurisdiction,'" before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute, and if not, it must dismiss the case. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Moreover, "[s]ubject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail*, 116 F.3d at 1213 (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). This means this Court cannot adjudicate this matter without having the jurisdiction to do so. Because Plaintiff has not provided this Court with a jurisdictional basis under which it may proceed, and as this Court does not have the authority to waive the subject matter jurisdiction requirement, this Court cannot adjudicate Plaintiff's case as pleaded.

Here, Plaintiff's Complaint is wholly deficient as he fails to assert any basis for jurisdiction, instead simply alleging that his name is being misspelled by "the State of Nebraska & many extensions of Government" and seeking an order from this Court to correct the misspelling. Filing No. 1 at 1–4. As no basis for jurisdiction has been alleged, Plaintiff's case must be dismissed.

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1, is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 13th day of June, 2025.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge

3